and delivered the opinion of the court as follows :
 

 Shippen, President.
 

 Two points have been made in this case by the defendant’s counsel: 1st, That it does not appear that the process was issued for the same cause of action, as it is not continued to the time of filing the declaration. And 2d, That if this did appear, the second action should have been brought within a reasonable time after the expiration of the six years; which reasonable time they restrict to one year.
 

 
 *427
 
 As to the first point, it is agreed by the counsel on both sides, and it is undoubtedly the law, that where an original is replied to the plea of the statute of limitations, it is sufficient to show when the writ issued, without any continuances ; but where the writ is a
 
 latitat
 
 from the king’s r*412 bench, or a
 
 clausum fregit,
 
 in the common pleas, the continuances *• must be set forth, to be entered to the time of filing the bill or declaration, in order to show that it was for the same cause of action.
 

 This gives rise to the question, whether our writs of
 
 capias
 
 and summons resemble more the original writs, or the
 
 latitat
 
 and
 
 clausum fregit ?
 
 And in order to solve this question, it will be necessary to consider the reason of the difference between these writs in England.
 

 The
 
 latitat
 
 and
 
 clausum fregit
 
 are both writs of trespass,' yet, by the course of the courts of king’s bench and common pleas, the plaintiff may ground upon them declarations in any personal actions. But when the declaration is in
 
 assumpsit
 
 (for instance), a writ of trespass, issued within the six years, could not be presumed to be a writ that issued in that cause, unless it was further shown in the replication, that it was taken out with an intention to declare in that action; and as evidence of that intention, that the continuances were entered, from the time of issuing it, to the filing the bill or declaration. But in the case of an original, proper to the action, that is never necessary, because, if the declaration was in
 
 assumpsit,
 
 the original would show, it was issued in case: if the declaration was iqjon a bond, the original would show it was issued in debt ; and consequently, that it was a proper and legal foundation for the action ; and the continuances are not necessary to be shown, as a proof that the writ issued for the same cause of action ; for, being such a writ as corresponded with the declaration, the law presumes it was for the same cause of action, unless the contrary is shown.
 

 That this is the reason of the distinction between originals and the writs of
 
 latitat
 
 and
 
 clausum fregit,
 
 to this purpose, will appear from this : that whenever the writ which commences the action, is of such a nature as to correspond with the declaration, we find, it will be sufficient to set it forth, without the continuances, although it be not an original: and on the contrary,' whenever the writ does not correspond with the declaration it will not support the replication, without the continuances, although it be an original. An instance of the first
 
 hind
 
 is the attachment of privilege in the common pleas, which will be found by the precedents always to specify the nature of the particular action, whether in debt or case, which is afterwards declared upon ; and hence, we find, in 1 Wils. 168, the replication showing only the time of issuing the writ, without the continuances, will be sufficient. So, in the reversed case, when a common
 
 clausum fregit
 
 is the writ, although it be an original writ issuing out of chancery, yet, not being adapted to the action of
 
 assumpsit
 
 or debt, being only a foundation for the
 
 capias
 
 in the common pleas, and intended merely to give that court jurisdiction, it will not be presumed to be the foundation of such an action, unless the continuances are set forth, from the time of issuing the writ. Hence, it is evident, that it is from the disagreement *of the writ with the declaration only, that it becomes necessary to enter the continuances, to show it issued for the same L cause of action, in order to prevent the bar of the statute of limitations; and after all, the entry of the continuances, in those cases where they are said to be necessary, is little more than matter of mere fcrm, as it appears in 1 Sid.
 
 *428
 
 53, 60, that they may be entered by the attorney, in his chamber, at any time, even after the statute of limitations is pleaded,
 

 (a)
 

 By our act of assembly, and the practice under it, the writs of
 
 capias
 
 and summons always specify the nature of the action you are to declare upon, and are, therefore, similar, in this respect, to the originals out of chancery, and the attachments of privilege in the common pleas.
 

 The second point made by the defendant’s counsel is, that, admitting the plaintiff, by issuing the writ, has saved the bar of the statute, yet, that the action ought to have been prosecuted again, within a reasonable time after the six years expired, and that
 
 that
 
 reasonable time has been held to be one year.
 

 In considering the dates and times of the several transactions, the period during which the act of assembly suspended the act of limitations, that is, between the 1st of January 1776, and the 21st of June 1784, is, to every purpose, to be thrown out of the computation. Then, from the time of the cause of action arising, to the time of issuing the summons, is four years, nine months and ten days ; from that time to the prosecuting the suit again, is two years, six months and two days ; making, in the whole, seven years, three months and twelve days.
 

 The cases cited in support of the second point, are all cases where, by the death of one of the parties, or from some other cause, the action had abated, and the court, in considering what was a reasonable time to permit the party to bring a new action, have drawn their reasonings from the equity of the statute, which provides only for two cases ; one, where the plaintiff had obtained a judgment which was reversed for error, and, the other, where a verdict had passed for the plaintiff, and the judgment was arrested, and judgment given that the plaintiff should take nothing by his writ. But other cases arising, which put the plaintiff in the like situation, by an abatement of the action, the judges thought, that they ought to have a reasonable time after the expiration of the six years to renew their actions ; some of them say,
 
 that
 
 reasonable time was in the discretion of the court, depended upon the circumstances of the case ; and others say, that, within the equity of the statute,
 
 that
 
 reasonable time ought to be one year. But these are all cases where the writ had actually abated, and could, consequently, afford no support to the new action. How are the cases of originals and
 
 latitats,
 
 where nothing had happened to abate the writs ? They are considered as subsisting foundations upon which the parties may prosecute their suits ; in the one case, by entering the continuances from the time of suing out the writ, and in the other, without any such continuances ; in both cases they al are c^eeme^ subsisting writs, and the ^commencement of the action, ■ J for the purpose of taking the ease out of the statute of limitations, and the prosecution of the su't afterwards is not considered in the light of a new action, although some process might be necessary to bring the party into court. In Lilly’s Prac. Reg. 19, it is said, “the taking out the writ of
 
 latitat
 
 is in nature of filing an original, and by doing it, the suit is commenced, within the meaning of the statute, although he does not declare against the party within the time limited by the statute.”
 

 As the cases of subsisting writs and abated actions are thus totally differ
 
 *429
 
 ent, I have looked for cases where there may be some limited time for proceeding upon the foundation of the old writ, when there has been no abatement of it; and I have met with but one case in which such a limited time has been suggested. It is in 1 Sid. 53, where Twisden, Justice, says, that he had known a suit continued by
 
 latitat
 
 for five years, before the bill filed ; and Herne, secondary, said, that a
 
 latitat
 
 may be continued seven years. If this may be considered the limited time, the writ in the present case is long within it; as, excluding the suspended period, the suit was again prosecuted within two years and a half.
 

 If this could have been considered in the light of an abated writ, and a reasonable time, in the discretion of the court, was the rule, we ought certainly to take into our consideration the peculiar situation of our country and the correspondent laws, which restrained creditors
 
 from
 
 prosecuting their suits with the same advantage as at other times, as they could take out executions only for one-third of their debts in one year ; and this certainly deterred many from prosecuting their suits at all,. during the continuance of that restraint. On this ground, therefore, the allowance in the present case would be very moderate, as it would not extend three months and a half beyond the time contended for by the defendant’s counsel. On both points, we are of opinion, that the law is with the plaintiff.
 

 Judgment for the plaintiff,
 
 (a)
 

 (a)
 

 Pennock
 
 v.
 
 Hart, 8 S. & R. 380, per Gibson, J.
 

 (a)
 

 See Harris v. Dennis, 1 S. & R. 236.