## Richmond.

### DANVILLE & WESTERN R. R. Co. v. BROWN.

#### NOVEMBER 16th, 1893.

1. COMMON LAW PRACTICE—*Alias writ.*—Where previous writs of summons
   have failed for ineffectual service or other irregularities, plaintiff is en-
   titled to an alias writ.
2. IDEM—*Continuance.*—Where plaintiff is allowed to make at bar an imma-
   terial amendment to his declaration; *held,* not error to refuse defendant
   a continuance on that ground.
3. APPOINTMENT—*Acceptance—Defence.*—Where one is notified of his ap-
   pointment as a director without declining it, and afterwards receives a
   summons for the company without remonstrating; *held,* his acceptance
   may be presumed, and it is no defence for the company that he, in the
   absence of collusion, failed to deliver the summons.
4. NEGLIGENT INJURY—*Licensee.*—Where one has been notified by defendant
   company that certain freight has arrived for him at its depot, and whilst
   walking along the passage to the freight room he is injured by several
   carelessly piled boxes of iron falling on him; *held,* he is a licensee, and
   the company is liable in damages.

Error to judgment of circuit court of Henry county, ren-
dered October 15, 1891, in an action of trespass on the case,
wherein H. T. Brown was plaintiff and the Danville and
Western Railroad Company was defendant. Verdict and
judgment being for plaintiff, defendant brought the case here
on error and *supersedeas.* Opinion states the case.

*Green & Miller,* for plaintiff in error.

*Anderson & Hairston* and *W. R. Staples,* for defendant in
error.

HINTON, J., delivered the opinion of the court.

This was an action of tort brought to recover damages for injuries sustained by the plaintiff at the depot of the defendant company, at Martinsville, Va., where he had gone for the purpose of looking for some freight, for which he had received a bill of lading from New York.

At the trial the jury returned a verdict in favor of the plaintiff for the sum of $7,500, and the company applied for and obtained a writ of error from one of the judges of this court.

The first and chief cause of complaint is, that the circuit court refused to quash all the processes and to remand the case to rules. It appears from the record that the plaintiff, on the 9th day of May, 1891, sued out a summons from the circuit court of Henry county, returnable to the third Monday in May, 1891, when he filed his declaration in the clerk's office, and the case was continued for process. On the 6th day of July, 1891, an *alias* summons issued directed to the sergeant of Danville, on which no rules were taken. On the 27th day of August, 1891, the plaintiff sued out an *alias* summons, returnable to the third Monday in September, 1891, directed to the sheriff of Henry county, which summons was returned as executed by delivering a copy to H. C. Lester, a director of the defendant company, on the 29th of August, 1891, and on this last summons the rules were taken at the 2d September rules and 1st October rules, and the case was placed on the docket for trial at the October term, 1891. When the case was called for trial, the defendant company moved the court to quash the process and remand the cause to rules; and, in support of his motion, proved the above irregularities. But the court overruled this motion, and this action of the court is made the chief assignment of error in this court.

Without going, however, into a lengthy discussion of this point, we think it sufficient to say that the motion was properly overruled for the reason stated in the brief of counsel for

the plaintiff in error, namely, it was too broad in its scope. If this motion had prevailed, as the counsel very properly say, and the court had quashed all the processes which had been issued, there would have been no case, and nothing to remand to the rules. But, apart from this reason, we think that the process of August 27, 1891, by whatever name it may be called, is good and valid as an original process. The simple circumstance that it is characterized as an "*alias* writ," and that it runs, "We command you *as we have before*," or "*at another time* commanded you," &c., cannot possibly affect or change its essential character or render it less effectual as a process for bringing the defendant before the court, and this is all that any original summons does. The only limitation in law upon the power of the plaintiff in a suit to have issued as many writs as he may deem proper, is that he is not permitted to harass or vex the defendant with unnecessary costs. But if, as in a case like the present, previous writs, by reason of any irregularity in the *service merely*, have failed to bring the defendant into court, there seems to be no good reason why he may not issue an *alias* without being amenable to the charge of unduly vexing the defendant with costs.

The next objection is that H. C. Lester was not a director of the company at the time of serving the process on him, and did not inform the company of the fact. But the first of these allegations is not sustained by the record, for he is shown to have received a letter from Mr. Wilcox Brown, notifying him of his election on the 3d of August, 1891; whereupon, he says, he determined to accept at once, and he subsequently evidenced his acceptance by receiving the summons without remonstrance or disclaimer, and by other official acts since. Independently of these acts, he must be presumed to have accepted when notified of his appointment, unless he expressly declined it. 1 Wood's R. R. Laws, sec. 149; 9 R. I. Rep., 308. And as to his not having delivered the summons to the company, we cannot perceive how this circumstance, in ab-

sence of fraud or collusion, neither of which are shown, could possibly affect the right of the plaintiff. He did all that he was required to do. In point of fact, however, this failure of Lester to inform the company does not appear to have worked any harm to the company, for when the case was called the defendant was in court, with its counsel and witnesses ready for trial, so that it must have been notified of the suit in ample time for necessary preparations for the trial.

The next objection is the refusal of the court to continue the case for the defendant. This motion seems to have been based solely upon the ground that the court had permitted the plaintiff to amend his declaration at the bar of the court by inserting the following words: "Of which fact the defendant company had notice, or by the use of reasonable diligence might have had notice," an amendment which we consider unnecessary.

An averment of notice on the part of the defendant is never required where the fact lies as much within the knowledge of the defendant as the plaintiff. 1 Saunders on Pleading and Evidence, 214–215. And in this case it fully appears that the company's agent had notice that the platform where the accident occurred was used as a passway to the freight room, there was no necessity for averring it, as the knowledge of the agent is the knowledge of the principal.

Upon the facts there can be no doubt of the correctness of the verdict. The plaintiff, as was customary, was walking, in company with two other persons, along a platform which was used as a passway to the freight room for the purpose of seeing as to some freight which he was expecting, when several boxes of sheet iron, weighing about 800 pounds, which had been carelessly placed on its edge, fell over on the plaintiff, breaking his thigh and occasioning a consequent shortening of the leg. This brings the case directly within the principles announced in *Va. Mid. R. R. Co.* v. *White*, 84 Va., 505. The plaintiff was a licensee, and was entitled to have the de-

fendant company exercise ordinary care and prudence towards him. The company plainly failed to discharge its duty in this respect, and is therefore liable.

Finally, there is nothing in the amount of the verdict in this case that discloses either passion or prejudice on the part of the jury, and the judgment of the circuit court must therefore be affirmed.

FAUNTLEROY, J., dissented.

JUDGMENT AFFIRMED.