# CHARLESTON

## Oil and Gas Well Supply Co. *v.* Gartlan and Ahner.

Submitted September 8, 1905. Decided November 7, 1905.

1. Action—Commencement of.

   It is well settled in this State that the date of the original summons is the date of the commencement of a suit or action. (p. 272.)

2. Process—*Alias Summons.*

   In case a summons is returned not executed, an alias writ may issue; and if that be similarly returned it may be followed by further writs until service is made upon the defendant. (p. 273.)

3. Process—*Alias Summons.*

   An alias or pluries writ or summons, regularly issued, is the continuation of an original valid process, and not the inception of a new suit or action. (p. 273.)

4. Abatement—*Non-Resident Defendant.*

   In order that a suit or action may abate under the provisions of section 8, chapter 125 Code, the return on the writ must show that the defendant is a non-resident; the fact alone, that he is "Not found" is not sufficient to abate the suit or action. (p. 273.)

5. Dismissal—*Failure to File Declaration.*

   A suit or action may not be dismissed at rules in the office by the clerk for want of declaration, where the process has not been executed, unless defendant appears and enters a rule for bill or declaration. (p. 274.)

6.  DISMISSAL — *Failure to File Declaration.*

> Where the original summons has been regularly returned by the sheriff "Not found" and alias writs have thereafter issued and been likewise returned and continuances have been entered at rules by the clerk regularly each month until the declaration is filed, the suit or action does not abate.  (p. 275.)

Error to Circuit Court, Wood County.

Action by the United States Oil & Gas Well Supply Company against J. A. Gartlan and others.  Judgment for defendants, and plaintiff brings error.

*Reversed.*

Rehearing denied January 9, 1906.

E. McSweeney, Chas. A. Smith, and Dave D. Johnson, for plaintiff in error.

Van Winkle & Ambler and A. G. Patton, for defendants in error.

McWhorter, Judge:

On December 31st, 1903, United States Oil and Gas Well Supply Company sued out of the circuit clerk's office of Wood county its summons against J. A. Gartlan and W. H. Ahner returnable to January rules 1904 to answer plaintiff of a plea of trespass on the case in *assumpsit* damages $10,-000, which writ was returned by the sheriff of Wood county "Not found."  On the 9th day of January an alias summons was issued returnable to February rules, which was returned by said sheriff "Not found in my bailiwick."  On the 23rd day of February, 1904, still another summons was issued returnable to April rules and likwise returned "Not found in my bailiwick."  On the 25th day of February the plaintiff filed in the said clerk's office an affidavit of Henry M. Miller, secretary of the plaintiff company, for an attachment against the said defendants and on the 27th day of February the clerk of said court issued an order of attachment against said defendants, which order was sent to the sheriffs of Wood, Marion and Wetzel counties, respectively, to be served on South Penn Oil Co. and Thomas Gartlan who had been designated by the plaintiff as being indebted to or having in their possession the effects of the defendants, requiring them to answer said garnishment in the circuit court of Wood county, and on the 29th of March, 1904, the plaintiff gave bond in the penalty of $15,000 when the sheriff of

Wetzel county was directed to take possession of the personal property which had been by him levied upon in his county, which he did. And at the March term, 1904, of the circuit court of Wood county the attachments were docketed on motion of plaintiff. On the 22nd of March the South Penn Oil Co. tendered and filed its answer as garnishee. On the 26th day of March, 1904, A. G. Patton appeared for defendants solely for that purpose and moved the court to quash plaintiff's affidavit for attachment, of which the court took time to consider and on the 13th of April the court overruled the motion to quash, to which ruling of the court defendants excepted.

At the May rules, 1904, plaintiff filed an affidavit for an order of publication under the provisions of section 3 chapter 124, Code, in case of process having been twice returned not found against the defendant in the county in which he resides, which order of publication was duly published and posted; the clerk of the court at each of the subsequent rules entered an order continuing for declaration until the November rules, 1904, when the declaration was filed.

On the 21st of November, 1904, the defendant W. H. Ahner by his attorney appeared "for the following purpose only and not otherwise, and moved the court to dismiss the attachment docketed in this cause at a former term on the ground that the same was not issued in a pending suit and there is no suit now pending to support such attachment at this time. And the questions arising upon such motion are set down for argument." Which motion was afterwards on the 27th day of December, 1904, sustained and the attachment theretofore issued and levied in the action was quashed, released and discharged and judgment for costs against the plaintiff. To the opinion of the court in sustaining said motion and dismissing said attachment, releasing the property levied on and discharging the garnishee the plaintiff by its counsel excepted. The plaintiff obtained from this Court a writ of error and *supersedeas* and says, that the circuit court erred in sustaining the motion to dismiss the attachment and in dismissing and quashing the same and in releasing and discharging the levy made under said attachment and rendering judgment for costs against plaintiff in favor of defendant Ahner. The defendants by counsel assign as

cross-error, that the court erred in overruling defendants first motion, made April 13th, 1904, to quash the attachment.

It is contended by defendants' counsel that the statement in the affidavit for attachment giving the nature of plaintiff's claim is not sufficient. The statement shows that the first item was a note of $2,000 made by the defendants to the plaintiff, that the note was not paid when it became due and payable by the said defendants and that the same was protested for non-payment, giving the amount of the protest fees, and that by reason thereof the plaintiff had suffered the loss of said debt and interest and was obliged to pay said protest fees, and that there was due and payable to plaintiff from said defendants the full amount of said note $2,000 with interest from the 2nd day of September, 1903, and the protest fees; and stating further that the said defendants were indebted to plaintiff for goods, wares and merchandise sold and delivered by plaintiff to the defendants at their request in the sum of $5,080.77 with interest on said last named sum from May 1, 1903, and, "That the amount at the least, which the affiant believes the said plaintiff is justly entitled to recover in the above entitled action at law instituted by the said United States Oil and Gas Well Supply Company against the said J. A. Gartlan and W. H. Ahner, is the sum of seven thousand and eigthy-two dollars and fifteen cents ($7,082.15) together with the interest on two thousand and one dollars and thirty-eight cents ($2,001.38) thereof from September 2, 1903, and interest on five thousand and eight dollars and seventy-seven cents ($5,080.77) thereof from May 1, 1903."

It is objected that the affidavit states "that an itemized account of plaintiff's claim both for the amount due upon said promissory note and said merchandise account will be filed in the above styled action, the same being designated as "Exhibit A" with plaintiff's declaration, which this affiant prays may be considered and treated as an exhibit accompanying this affidavit;" is a concession that the affidavit is incomplete and insufficient without said exhibit, and the same not being filed therewith the affidavit must fall. The affidavit without the exhibit sets out sufficiently the nature of plaintiff's claim to give notice to the defendants thereof, and this reference to the exhibit may be treated as surplusage.

The affidavit sets out two grounds as existing for the attachment, the first is; that the defendants Gartlan and Ahner had concealed themselves so that a summons could not be served upon them and had avoided the service of process upon them in said action after they had learned by report, publication, and news items published in the newspapers of the City of Parkersburg of the pendency of said action at law, that in consequence of their avoiding service of process in said action plaintiff had been unable to obtain service of the summons upon the defendants in said Wood county, that the defendants had purposely kept away from said Wood county and out of the reach and sight of the sheriff thereof in order to avoid the service of summons upon them by the sheriff and by reason of said defendants avoiding service, absenting themselves from said county and keeping out of reach and sight and away from the sheriff while in said county had avoided the service of summons upon them by the sheriff of said Wood county. It is not stated in this ground for attachment that said defendants were residents of Wood county, and no reason is given in the affidavit, what obligation they or either of them were under to be in Wood county or why they should at any time be found therein, nor is it shown with sufficient particularity what they did to prevent service of process upon them in said action. It does not even allege that the sheriff made any effort to find them, that he went to the place or places where they were in the habit of staying and failed to find them there, or that he sought to find them at all—from all that appears in the affidavit the sheriff, on receiving the process, from his seat in his office may have returned the process "Not found." Even if residents, the defendants may have been absent from the county on legitimate business, no act is shown at intentional concealment or effort to dodge the officer to prevent service. *Sandheger* v. *Hosey*, 26 W. Va. 221-224; *Delaplain* v. *Armstrong*, 21 W. Va. 211, (syl. pt. 2). The second ground stated is, that the defendants had assigned or disposed of all their property with intent to defraud their creditors, and especially the plaintiff, that the defendants were insolvent and since the institution of said action at law and on or about the ——— day of January, 1904, made a pretended assignment, disposition, or sale of all their drilling tools and also their contracts with

the South Penn Oil Co. for drilling oil wells in West Virginia to one Thomas Gartlan; that the said pretended sale, disposition, and assignment was false and fictitious, without any intention on defendant's part to sell such property to said Thomas Gartlan, but for the purpose of placing the same beyond the reach of the creditors of defendants and especially the plaintiff, that they had not delivered possession to said Thomas Gartlan of the said property, and that since the said pretended sale and assignment defendants had been and still were in possession of, using and controlling said property, and averred that the said defendants since their pretended assignment had made repeated statements to their creditors that they intended to use, possess and occupy their said property for the drilling of oil wells for the South Penn Oil Co. and others, and especially to complete their contracts for the drilling of oil wells for the said South Penn Oil Co., which contracts the defendants had made a pretended disposition of to Thomas Gartlan, and further stated that Thomas Gartlan would settle the indebtedness of defendants; that Thomas Gartlan was a brother of the said J. A. Gartlan, the defendant, and was also a stockholder in and a director of the said plaintiff company and at the time of said pretended assignment and disposition of said property had knowledge of defendant's insolvency, defendants' indebtedness to said company, and the pendency of said action at law. This distinctly alleges a false and fraudulent sale by the defendants of all of their property to the brother of one of the defendants for the purpose of placing their property beyond the reach of their creditors; that they retained possession of the property using and controlling the same as their own, the pretended purchaser having knowledge of the insolvency of the defendants, of their indebtedness to plaintiff and of the pendency of this action. The material facts under the second ground for attachment are sufficiently set out in the affidavit.

Was there a suit pending at the time the judgment was rendered quashing and dismissing the attachment by the court in November, 1904? "The process to commence a suit, shall be a writ commanding the officer to whom it is directed, to summons the defendant to answer the bill or action." Chapter 124, section 5, Code. "It is a general rule, except where it has been otherwise provided by statute,

that an action is deemed commenced, so far as the parties to it are concerned, from the time that the writ or summons is sued out."—1 Cyc. 747. It is well settled in this state that the date of the original summons fixes the date of the commencement of the suit or action.—*Ferrell* v *Ferrell*, 53 W. Va. 514; *Blowpipe Co.* v. *Spencer*, 46 W. Va. 590, (33 S. E. 342); *Lambert* v. *Ensign*, 42 W. Va. 813, (26 S. E. 431); *Abney* v. *Ohio Lumber Co.*, 45 W. Va. 446, (32 S. E. 256); see also Justis' Annotations to Code, 756. And section 3, chapter 124, Code, provides for alias and other proper processes when the original summons has been returned not executed. And in 20 Enc. Pl. & Pr. 1178, it is said: "When a summons is returned not executed, the plaintiff may have an alias summons issued, and upon failure to obtain service of the latter, pluries writs may issue successively until the defendant is served." And 24 Am. & Eng. Enc. of Law (1st Ed.), 524: "In case a summons is returned not executed, an alias writ may issue; and if that be similarly returned, it may be followed by pluries writs until service is made upon defendant." *Railroad Co.* v. *Brown*, 90 Va. 340. "Where previous writs of summons have failed for ineffectual service or other irregularities, plaintiff is entitled to an alias writ."—1 Bar. Chan. Pr. pages 251-252. "An alias writ or summons regularly issued is the continuation of an original valid process, and not the inception of a new suit." —1 Cyc. 748, citing *Insurance Co.* v. *Vaughn*, 88 Va. 832, (14 S. E. 754), and many other authorities.

Defendant in error contends that upon the return of the first summons "Not found" the action abated under section 8, chapter 125, Code. This could not have been the result because the officer receiving the process not knowing the defendants resided out of his county nor that they resided out of the state, could not and did not return them "Non-residents," and such return was necessary to effect an abatement of the action under said section.

It is contended there was no suit pending because no declaration was filed within three months from the issuing of the writ. Section 6, chapter 125, Code, provides that the defendant may appear at the rule day at which the summons is returnable and enter a rule for declaration, in case the same is not filed, and if plaintiff fail to file his declaration at

the succeeding rule day, or shall at any time after the defendant's appearance fail to prosecute his suit he should be non-suited, etc. Section 7 provides that "If three months elapse after the process is returned executed as to any one or more of the defendants, without the declaration or bill being filed, the clerk shall enter the suit dismissed, although none of the defendants may have appeared." There is no provision in the statute for the dismissal of a case for want of declaration where the process has not been executed. The clerk in the case at bar entered his continuances at rules for declaration, from January Rules, 1904, for every month to November Rules, when the declaration was filed. In some states it is held that an alias should be tested at the time of the return of the former summons and the same to be continued from term to term until service is secured. It is so held in Tennessee, also in Kentucky. In *Slatton* v. *Jonson*, 4 Hayw. 196, it is held that: "When process has been commenced, it must be pursued without any chasm, and every subsequent process must be dated on the day of the preceding process."—So in *Daugherty* v. *Shown*, 1st Heisk 302. In *Parker* v. *Grayson*, 1 Nott & McC. 171, it is held that: "An alias ought to be tested at the return of the original capias and made returnable to the next ensuing term. A case is out of court when the proceedings have been suspended more than a year," clearly implying that there might be a suspension of less time than a year. In *McClurg* v. *Fryer*, 15 Pa. St. 293, it is held: "A summons in a case on a guaranty in writing, issued above four years after the right of action on the guaranty arose, was returned *nihil*, and an alias summons issued above five years from the issuing of the first: *Held*, that the original and alias were so connected as to prevent the running of the statute of limitations, from the time of the issuing of the original summons." In that case at page 295 it is said in the opinion, "The alias suit was instituted within six years of the first, that is to say, about five years after the first summons. The first summons was not served, the second was. The second suit was for the same cause, was entitled an alias, and so marked on the record; and this, as it has been held, is so connected and linked with the first as to be a continuation or reiteration of the original, and so indissolubly connected as to be one; and

that, so far as the statute is concerned, it stops running from the institution of the first process."—*Lynn* v. *McMillen*, 3 Penn. & Watts (Pa.), 170; *Schlosser* v. *Lesher*, 1 Dall. 411. In *Magaw* v. *Clark*, 6 Watts (Pa.) 529, it is said: "To save the bar of the statute of limitations, the plaintiff may reply a writ issued within six years, but he must show that it has been continued down to the time of declaring. These continuances are mere matters of form, and may be entered at any time, 1 Dall.; 2 Dall. 378; 8 Serg. & Rawle 380; 5 Rawle 254; 2 Salk. 240, provided there be a ground laid for entering them by having a return of the first writ."

Counsel for defendants in error cite *Simmons* v. *Simmons*, 48 S. E. 833, where it is said: "Summons commencing the action must be followed by the filing of a declaration within a specified time, else the entire proceeding fails. The attachment is process out of the main suit and depends upon the main action. It must stand upon it, and as a declaration brings into the record the true nature of the plaintiff's claim, the defect in the proceeding which quashes the attachment appears in an instrument that is vital to the existence of that writ." The specified time within which the summons commencing a suit must be followed by the filing of a declaration, only applies when the summons has been executed or when there is an appearance by the defendant and a rule given the plaintiff to file his declaration. In the case at bar there is no variance between the affidavit for the attachment and the declaration when it was filed, and, as the defendants had neither been served with process nor had appeared in the action, the same had not abated or been dismissed. Objection is made to the affidavit for and the order of publication, but as the circuit court took no action as to that, it cannot arise here.

For the reasons herein stated the judgment of the circuit court in quashing the attachment and releasing the same, and dismissing the action, is reversed and the case remanded to the circuit court of Wood county for further proceedings to be had therein.

*Reversed.*