GEORGE E. DUNAWAY *v.* HARRY P. LORD

*and*

ANNA L. DUNAWAY *v.* HARRY P. LORD

(CC 494)

Submitted February 6, 1934.   Decided March 6, 1934.

*Geo. M. Beltzhoover, Jr.,* for plaintiffs.
*Emmert & Rice,* for defendant.

LITZ, JUDGE:

This certificate presents the ruling of the trial court on a

672

motion to quash process in each of the above styled actions, of trespass on the case, pending in the circuit court of Jefferson County, wherein the causes of action arose.

The original summons, in multiple, was issued in each case, April 13, 1933, returnable to May Rules. One copy, directed to the sheriff of Jefferson County, was returned the next day indorsed, "Not found in my bailiwick"; another, directed to the sheriff of Berkeley County, was served therein on defendant, April 15th; and another, directed to the sheriff of Jefferson County, was served therein on defendant, June 22nd. On June 28, 1933, a new summons (indorsed "Alias Writ" and returnable to August Rules), was issued in each case directed to the sheriff of Jefferson County. It was served therein on defendant, June 30th.

Upon motion of defendant, the trial court quashed all copies of the original summons, but held that the second summons was valid, if not as an alias, as an original process.

The service in Jefferson County after the return day, as well as the unauthorized service in Berkeley County was illegal upon the face of the return. 56-1-2, Code 1931; *Wolfe* v. *Shaw*, 113 W. Va. 735, 169 S. E. 325; *Lang* v. *Shaw*, 113 W. Va. 628, 169 S. E. 445; *Walker* v. *Stevens*, 52 Neb. 653, 72 N. W. 1038; Burks Pl. & Pr. (2nd Ed.), page 318; and 1 Barton's Chan. Pr. (3rd Ed.) 151.

Code 1931, 56-3-21, provides: "If, at the return day of any process, it be not returned executed, an alias or other proper process may be issued without waiting (where the first process is returnable to a term) for the subsequent process to be awarded at rules. And where, for want of a return of the first process against a defendant, any subsequent process is issued, if the former was executed, the officer shall not execute the latter, but shall return the former if it be in his possession, and if he has it not, shall return the latter with an endorsement of the execution of the former, and the proceedings thereupon shall be as if the first had been duly returned."

Defendant contends that the clerk was not authorized under the foregoing statute to issue an alias after two copies of the original summons had been returned executed, although the service in each instance was void on the face of the return, citing *Gorman* v. *Steed*, 1 W. Va. 1. In that case, an original

summons of unlawful entry and detainer, dated *October* 23, *1863* (returnable to July Rules, "next") and executed July 25, 1863, was declared void on its face because it did not run in the name of the state, as required by section 8, article 2 of the Constitution; bore an impossible date; was returnable to rules instead of to the court, as the statute required; and did not contain a sufficient description of the property. An alias summons, issued August 3, 1863, was executed before the return day. Holding that the alias should have been quashed with the original summons, the court said: "As the alias is but the continuation of the original, and dependent upon it, it must stand or fall with it; and the original being quashed for the causes assigned, the alias ought also to have been quashed. The statute, section 3, of chapter 170, of Code of 1860, only authorizes the clerk to issue an alias where the original has not been executed, and not where it had been as in this case, returned executed, and was therefore *functus officio.*" The court properly held that the second summons could not be treated as an alias, because, the original summons being void on its face, there was no suit pending in which to issue an alias. The further holding that the alias was unauthorized because the original process had been returned executed, was obiter. The situation in that case, therefore, has little bearing on the questions now involved. Each of the actions here were brought into being by issuance of valid summons, but as the return showed illegal service, process, in contemplation of the statute, had not been executed. Considering this question, in *Blowpipe Co.* v. *Spencer,* 46 W. Va. 590, 33 S. E. 342, 343, Judge Brannon stated: "It seems very strange to me that in one breath it is said that the service is void, and in the next that still no alias can issue. Why, if the return be void and empty, does it not leave the process without return? And, if without return, Code, chapter 124, section 3, says that an alias may issue. The service is null, and yet it has the same effect as the valid service has to prevent alias summons. This cannot be."

The original summons not having been executed, could an alias have been issued after the return date? "Process must be regularly continued from term to term, and if a hiatus is permitted to intervene between successive processes it will

operate as a discontinuance." 20 Ency. Pl. & Pr. 1179. The same rule is announced in 21 Standard Ency. of Procedure 763, as follows: "When process has been commenced, it must be pursued without any chasm, and every subsequent process must be dated on the day of the return of the preceding one, and a failure to maintain this regular succession of writs results in a discontinuance, so far as dating the suit from the time of the issuance of the first writ is concerned." Judge Burks, in considering an identical statute of Virginia, section 188 of his work on Pleading and Practice, (1st Ed.), says: "The language of the statute is: 'If, at the return day of any process, it be not returned executed, an alias or other proper process may be issued, etc.' But, when must this alias or pluries be issued? Must it issue at that rules, or may it issue then or thereafter? The question becomes important chiefly as affecting the bar of the statute of limitations. It would seem that process to commence a suit must be continuous until a return of 'executed', is obtained, and therefore that the alias or pluries summons can only issue at the rules at which the previous process was returned unexecuted; that a failure then to issue the alias or pluries would cause a hiatus in the action and operate a discontinuance; and that to hold otherwise would be to permit a plaintiff to continue his case indefinitely at the rules and save the running of the statute of limitations for any length of time he chose." Whether an alias could have been issued within a reasonable time after the rules to which the original process was returnable, it certainly could not have been issued after the following rules.

Finally, as the summons in question could not properly have been treated as an alias, it should be held valid as an original process, commencing a new suit. "Where a suit in which a summons has been issued and returned informally goes down by reason of such informality, and the statute of limitations has not run as to the cause of action, second summons, if not sufficient as an alias summons, should be treated as a new writ for a new suit, and sustained accordingly." *Frantz* v. *Detroit United Ry.*, (Mich.) 110 N. W. 531. The Michigan statute authorizes the clerk to issue as many original writs as plaintiff may request. In *Rattan* v. *Stone*, 4 Ill. 540, the trial court quashed the original summons (void because of improper re-

turn date), and ordered the issuance of an alias, which was accordingly issued and served. The Supreme Court held (evidently because there was no suit pending at the time of the quashing of first summons) that the second summons could not serve as an alias, but might be considered as commencing "a new suit". The Illinois statute authorizes the clerk to issue "alias, pluries or other process" if writ be not returned executed on or before return day. In *Fulbright* v. *Tritt,* 19 N. C. 491, the original summons, returnable to court, was returned indorsed "not found". After the term of court to which the process was returnable had passed, an alias was issued. It was held that the alias so issued, after discontinuance of the suit, should be considered as an original, commencing a new suit. The North Carolina statute, at the date of this decision, apparently, was similar to ours. The Virginia court has followed the rule in applying the prototype of our own statute. *Danville & Western R. R. Co.* v. *Brown,* 90 Va. 340, 18 S. E. 278.

The ruling of the circuit court is affirmed.

*Affirmed.*