JAMES E. HALL, *Admr., etc. v.* THE OCEAN ACCIDENT & GUARANTEE CORPORATION, *Ltd.*

(No. 9016)

Submitted February 21, 1940. Decided March 26, 1940.

R. E. *Horan* and B. J. *Pettigrew,* for plaintiff in error.
G. D. *Herold* and W. L. *Lee,* for defendant in error.

RILEY, PRESIDENT:

This is a motion for judgment proceeding instituted in the circuit court of Nicholas County by James E. Hall, administrator of the estate of Lutiaschie Wilkinson, deceased, against The Ocean Accident & Guarantee Corporation, Ltd., on a policy of public liability insurance. Defendant prosecutes error to a judgment in plaintiff's favor based upon a jury verdict.

A truck of Belmont Distributors, Inc. (hereinafter called Belmont), driven by an employee, Frank Wardell, struck and killed Lutiaschie Wilkinson in Nicholas County. An action was brought in that county by J. E. Hall, as her administrator, against Belmont and Wardell to recover damages for her alleged wrongful death. A summons in that action, issued Tuesday, March 8, 1938, returnable at Rules to be held on the first Monday in March, was served in Nicholas County on H. E. Hamilton, president of Belmont. This summons was not served on Wardell. A summons styled "alias summons" was also issued in that action March 22, directed to the sheriff of Harrison County, returnable at April Rules, and was served on Wardell in Harrison County March 24. At the trial, Belmont and Wardell each appeared specially, and severally craved oyer of the two summonses and moved to quash them; Belmont because the summons served on

it "was issued on Tuesday, the 8th day of March, 1938, returnable to the first Monday (March 7, 1938,) in March, 1938, and that therefore said summons is void"; Wardell because the summons of March 22 was served on him in Harrison County "and that the Circuit Court of Nicholas County has no jurisdiction upon said defendant." Their several demurrers and motions were overruled and they excepted. Then they pleaded the general issue, the case was tried, and a verdict and judgment against them of $10,000.00 resulted. The judgment became final. An execution directed to the sheriff of Nicholas County was returned "No property found." Thereupon, this proceeding, by notice of motion for judgment, was brought by Hall in Nicholas County against The Ocean Accident & Guarantee Corporation, Ltd. (hereinafter called defendant), which had issued to Belmont an insurance policy agreeing to pay on behalf of the "insured"—and by express definition in the policy the word included Wardell—whatever sum the insured should become obligated by law to pay for damages by reason of personal injuries inflicted. Hall recovered a judgment, and defendant prosecutes this writ of error.

Counsel for defendant question the right of Hall to proceed here by notice of motion for judgment. The agreement of the insurer to pay lawful damages *on behalf of the insured* constituted a contract for the benefit of the person injured. We recognized that such a contract could be enforced by notice of motion in *Hawkins* v. *Glen Falls Ins. Co.,* 114 W. Va. 287, 171 S. E. 645.

The main contention advanced on behalf of defendant is that the judgment against Belmont and Wardell, upon which the instant proceeding is based, was void. Code, 56-3-11 provides that process "may be executed on or before the return day thereof." The summons on Belmont, issued after and served after the return day, was a nullity; and since this appears on the summons itself, Belmont's motion to quash should have been sustained. So we are of opinion that the contention is well taken as to the judgment against Belmont.

Counsel say as to Wardell, first, that the summons on Belmont being void, the alias summons on Wardell would also be void citing Code, 56-3-21 and *Gorman* v. *Steed,* 1 W. Va. 1, 14; and, second, that the service of process on Wardell in Harrison County "raises at least a strong presumption" that he resided there. The statute cited provides that an alias process may issue if, at the return day of an original process, the latter be returned unexecuted. The statute now is the same as the Virginia Code of 1860, Ch. 170, Sec. 3. Referring thereto, this Court in the case cited (p. 14), said that as an alias was "but the continuation of the original, and dependent upon it, it must stand or fall with it * *". No authority was referred to and the saying could not have been meant to be taken literally. If so, no mistake or error in an original process could ever be corrected. The essential reason for employing a second process is because the original has failed its purpose. It matters not whether that failure is due to defective form or service. "An alias summons is issued when the original summons has not produced its effect. * * * It is employed in cases where the original summons is defective in form or manner of service, and cannot be held to have performed its function. An order of record that an alias summons be issued necessarily must constitute an abandonment of the original service. * * * When issued and served, the second writ supersedes the first and defects in the first cannot be pleaded in abatement of the second." *Pacific Mutual Life Ins. Co.* v. *Mansur,* 136 Mo. App. 726, 118 S. W. 1193. Moreover, a court has inherent power, in addition to that named in the statute, to have such further process issued as may be requisite to bring the parties properly before it. *United States Blowpipe Co.* v. *Spencer,* 46 W. Va. 590, 594, 33 S. E. 342. We are therefore of opinion that the invalidity of the first process did not affect the second, and further that since the first was a nullity, the second may be treated as an original process. *Dunaway* v. *Lord,* 114 W. Va. 671, 173 S. E. 568.

Code, 56-4-30 makes a sharp distinction in the practice regarding process which is merely defective, and process

which is void.  Under that statute, a defendant can take advantage of *a defect* in the writ or return only by plea in abatement; but the statute preserves his common law right to move to quash *a void* process.  Upon the motion, however, the court will consider only the record itself.  *Ruffner* v. *Cunard Steamship Co.*, 94 W. Va. 211, 217-18, 118 S. E. 157, 30 A. L. R. 262n, 279n; *Looney* v. *West Virginia Hardwood Co.*, 113 W. Va. 385, 168 S. E. 138.  When Wardell made his motion to quash, the record consisted of the declaration and the first and second summonses.  The declaration pleaded a cause of action arising in Nicholas County.  Upon the declaration, venue lay in that county.  Neither the declaration nor the summonses mentioned the residence of Wardell.  Although he testified in the instant proceeding that he resided in Harrison County at the time the alias summons was served upon him, such fact cannot now be considered, because it was not in the record when his motion to quash was made.  So the motion depended upon his one proposition, that because the summons showed service on him in Harrison County, the service was fundamentally void.  While our statute Code, 56-1-1, says an action "may" be brought in the county where the defendant resides, the action must be brought there even where the cause of action arises in a different county, unless the defendant is sued and served with process therein, as provided by Code, 56-1-2.  We cannot concede that service of the summons on Wardell in Harrison County raised a presumption that he resided there and not in Nicholas County.  We will concede that this service might have raised some question in the mind of the court as to his residence in Nicholas County, but that concession would not sustain Wardell.  It is not enough that on his motion the regularity or even the validity of the process was questionable; its absolute facial invalidity must have been apparent.  Code, 56-3-5 authorizes process to be directed to the sheriff of any county; situations sometimes arise where it is expedient to have process served on a defendant outside the county of his residence.  Consequently, we cannot view this summons as void—as

no process at all—because of what appeared on its face; and unless so viewed, the motion to quash was futile. Furthermore, the right of a defendant touching the county of trial is not primarily jurisdictional, but is a personal privilege which may be waived. *Moore v. Norfolk & W. Ry. Co.*, 124 Va. 628, 634, 98 S. E. 635; 67 C. J. Venue, sec. 212. Where the court has jurisdiction of the subject matter, the failure of a defendant to claim the privilege *in the proper manner* implies a waiver. 22 Ency. Pl. and Pr. 815-16; 25 Stand. Ency. of Proc. 912. The proper manner of claiming the privilege here would have been by plea in abatement (under 56-4-30) alleging the residence of Wardell in Harrison County. But instead, he moved to quash, excepted to the adverse rulings of the court on the motion to quash, pleaded the general issue, went to trial, and sought no writ of error to the judgment against him. The essential purpose of a summons is to bring a defendant into court. Wardell not only came into court because of the summons, but remained, and had his full day in court. If his motion to quash the process against him had been effective in the first instance, his exception to the trial court's rulings would not have been waived by this general appearance. *Fisher, Sons & Co.* v. *Crowley,* 57 W. Va. 312, 50 S. E. 422, 4 Ann. Cas. 282. But such is not the case here, and we cannot see that he was in fact prejudiced by the manner in which the process was served on him. For the reasons hereinbefore stated we are of opinion that the judgment against him was valid.

*Counsel finally protest the allowance of interest on the* judgment in the first case, in the judgment of the instant case. Code, 56-6-31 warrants the allowance of interest upon the first judgment.

The judgment against defendant is affirmed.

*Affirmed.*

KENNA, JUDGE, dissenting:

The first summons issued out of the clerk's office was plainly void on its face because the return day preceded

in point of time the date upon which it was issued. This process was served only upon the corporate defendant, and an alias was issued returnable to April Rules. The alias was served upon the individual defendant, who was a resident of Harrison County.

It will be seen that venue justifying the bringing of the action in the Circuit Court of Nicholas County against a non-resident individual co-defendant was dependent upon the corporate defendant being made an actual party litigant. *Gunnoe v. W. Va. Poultry Co-Op. Assn.,* 115 W. Va. 87, 174 S. E. 691, 93 A. L. R. 944.

Reading the original process and the alias together on the sound principle that a stream cannot rise higher than its source (see *Oil & Gas Well Supply Co. v. Gartlan & Ahner,* 58 W. Va. 267, bottom page 274, 52 S. E. 524), it at once becomes apparent that there was no valid process issued for either defendant. Nevertheless, both appeared, oyer was craved of both the original and alias summonses and each defendant moved to quash the summons served upon it. The motion having been predicated upon an error plainly apparent upon the face of the record when the motion was made, it should have been sustained. It having been overruled, the corporate defendant saved its exception to the court's ruling and entered its general appearance which did not, the appearance not being voluntary and having been required by the holding of the *nisi prius* judge, constitute a waiver of invalid process. *Fisher, Sons & Co. v. Crowley,* 57 W. Va. 312, bottom page 320, *et seq.,* 50 S. E. 422, 4 Ann. Cas. 282; *Hayhurst v. Transfer Co.,* 110 W. Va. 395, 398, 158 S. E. 506.

The process being a part of the record and its nullity appearing, no presumptions may be indulged in. It is simply void and in no way curable. *Fisher v. Crowley,* 57 W. Va. 312, 316, top, 50 S. E. 422. A judgment based thereon may be collaterally or directly attacked. *Hayhurst v. Transfer Co.,* 110 W. Va. 395, 158 S. E. 506. Code, 56-4-30, provides that defective process shall be reached only by a plea in abatement, but it also preserves to a defendant his common law right to raise the question of the writ be-

ing void by a motion to quash. The distinction recognized by this statutory rule and the fact that in spite of it a "defect" apparent on the face of the record or made so by craving oyer may be taken advantage of by a motion to quash is clearly dealt with in *Anderson* v. *Lewis,* 64 W. Va. 297, 61 S. E. 160.

Granting, for the sake of argument only, that the individual defendant is a resident of Nicholas County, I cannot perceive how that would validate the original or the alias process, nor can I agree that the statement made in the case of *Gorman* v. *Steed,* 1 W. Va. 1, to the effect that an alias summons is but a continuance of the original would result in a mere mistake in the original being incurable. It is another thing to say that a void original is not cured by the issuance of an alias. I do not think that the majority opinion sufficiently draws the distinction between defective process and process that is totally void. Mere defects in either the process or its service are waived by a voluntary general appearance without saving the point. But dead process cannot be resurrected and the mere use of the term "void process" is confusing. I do not agree that the *Gorman* "saying" was not meant to be taken literally, and it strikes me that the reason no cases were cited to sustain it was that it was not thought necessary, and further, that when the *Gorman* opinion was handed down there were no West Virginia judicial precedents of any kind to be followed. This Court was evidently following a recognized Virginia rule in the first opinion it handed down, a rule that has since been spoken of in the same manner by the Virginia court, *Reynolds* v. *Williams,* 147 Va. 196, 136 S. E. 597, and by this Court, the third syllabus point in *Oil & Gas Supply Co.* v. *Gartlan & Ahner,* 58 W. Va. 267, 52 S. E. 524, being: "An alias or pluries writ or summons, regularly issued, is the continuation of an original valid process, and not the inception of a new suit or action. (p. 273)."

Without referring to either the *Gorman* case or the *Oil & Gas Supply Company* case, this Court, in *Dunaway* v. *Lord,* 114 W. Va. 671, 173 S. E. 568, in the one syllabus point

said: "Process issued after discontinuance of an action for invalid service of the original writ cannot serve as an alias, but may be considered as an original commencing a new suit." The *Dunaway* case appears to sustain the view expressed in the majority opinion. There, the only alias summons was issued June the twenty-eighth when the original was returnable to May Rules, creating an hiatus. The alias process was held to commence a new action, abolishing the effect of an hiatus. The *Dunaway* opinion follows an Illinois case, a Michigan case and the Virginia case of *Danville & Western Railroad Co.* v. *Brown*, 90 Va. 340, 18 S. E. 278. I have not examined the Illinois case nor the Michigan case, but a cursory reading of the Virginia case shows plainly that in the instance being considered the alias process followed a valid original summons, the service of which in fact and as shown by the return, was an absolute nullity. Further, an examination of that case shows no departure from the rule laid down in the *Gorman* case, which was distinctly approved by this Court in the *Oil & Gas Supply Company* case, which also went further and cited with approval the case of *Slatton* v. *Jonson*, 4 Hayw. (Tenn.) 197, as holding that alias, as well as pluries, process bears the same date as the original. I think that this Court has laid down two conflicting doctrines, in the statement of neither of which has the existence of the other been noted.

Based upon the foregoing, I would reverse the judgment of the Circuit Court of Nicholas County and enter judgment here for the defendant.

I, of course, am conscious that this Court could follow principles that I think are plainly logical and should be definitely established only by directly or impliedly overruling the case of *Ambler, Trustee*, v. *Leach et al.*, 15 W. Va. 677, and a number of other West Virginia holdings based upon the same reasoning. I do believe, however, that, predicated upon the holding in the *Ambler* case, process not dated and unsigned is to be regarded as voidable and not void. This Court, in undertaking to get away from the extremely technical and obsolete common law

rules of procedure, has perhaps encouraged a super-abundance of careless informality by saying, in effect, that an implied waiver may breathe life into an absolute nullity. I think also that there should be a plain distinction between defective process and process which is void, and, as a matter of fact, the latter should not be referred to as process in any sense. There can be an equal amount of injustice brought about by the inevitable abuses growing up under a lax system, and by adhering too closely to technicalities· the reasons for which have ceased to exist.