WILLIAM J. VOGLER *v.* JAMES D. IRELAND

(CC 629)

Submitted September 4, 1940.  Decided September 24, 1940.

*Carl G. Bachmann* and *O'Brien & O'Brien,* for plaintiff.
*Schmidt, Hugus & Laas,* for defendant.

HATCHER, JUDGE:

On August 8, 1939, a summons in an action at law was issued returnable to September Rules. The summons was returned unexecuted. An alias summons was issued, returnable to October Rules, which also was returned unexecuted. On the first day of November Rules two pluries summonses were issued, one returnable that day, which was returned unexecuted, the other returnable to December Rules, which was executed. The defendant filed a timely plea in abatement reciting the facts and alleging that because of the failure of plaintiff to have issued a pluries summons at October Rules, his action was discontinued. The circuit court sustained a demurrer to the plea and certified here its sufficiency.

The plaintiff relies on *Dunaway* v. *Lord,* 114 W. Va. 671, 173 S. E. 568, 569, because the opinion raised the possibility of having another summons issued "within a reason-

able time" after the rules at which a former process had been returned unexecuted. The plaintiff contends this was done here. The reference to "reasonable time" was abeyant, since what the opinion decided was that an alias could not have been issued later than the rules following those at which the original had been returned unexecuted. This holding, however, may be well said to contemplate the issuing of the alias as late as the following rules. The defendant also relies on the *Dunaway* opinion because of quotations requiring a *continuous succession of writs to prevent a discontinuance of the suit*, and emphasizes the quotation from the first edition of Burks Pl. and Pr. Judge Burks said only "it would seem" that process commencing a suit must be continuous, and cites no Virginia decision supporting his proposal. It is assuredly opposed "summarily and without discussion" (adopting his descriptive phrase) by the holding in *Virginia Co.* v. *Vaughan*, 88 Va. 832, 14 S. E. 754. The quotation is omitted entirely from the second and third editions of this work. A note in the second edition characterizes, in effect, the proposal of Judge Burks as *a contention* and says "the question" has been set at rest by an amendment to the Virginia statute requiring the clerk to issue an alias or other proper service, whenever a process should be returned unexecuted. The third edition does not mention the proposal, but seemingly treats the West Virginia practice as governed by an amendment similar to that in Virginia. This treatment is not warranted, as we do not have such an amendment.

When an original process has been returned unexecuted, the practice in this state has not required an uninterrupted succession of writs to maintain the existence of the suit, but only that no succeeding rules shall pass without process returnable or outstanding. See *Oil Co.* v. *Gartlan*, 58 W. Va. 267, 52 S. E. 524. This practice was not violated in the instant action.

The ruling is affirmed.

*Affirmed.*