LUTHER VANOVER

*v.*

STONEWALL CASUALTY COMPANY

(No. 15131)

Decided March 26, 1982.

*Frederick T. Kingdon* for appellant.

*Camper & Seay and Harry G. Camper, Jr.,* for appellee.

MILLER, CHIEF JUSTICE:

Plaintiff, Luther Vanover, appeals from a final judgment of the Circuit Court of Wyoming County granting

summary judgment for the appellee, Stonewall Casualty Company (hereinafter Stonewall). Because we conclude that the trial court reached an erroneous legal conclusion in awarding judgment, we reverse and remand for further proceedings.

The plaintiff sustained personal injuries in a single-car automobile accident when he was riding in the car as a passenger in Wyoming County. He instituted an action in the Circuit Court of Wyoming County against the driver of the vehicle, Connie Fortner, and the vehicle's owner, Thelma Stump. At the time the action was brought, Thelma Stump resided in McDowell County. Plaintiff attempted personal service of process on Connie Fortner in Wyoming County but was unsuccessful because he was dead. The deputy sheriff's return of service indicated that he was deceased. No attempt was made to serve the representative of the estate of Connie Fortner.

The non-county resident defendant, Thelma Stump, was personally served in McDowell County. She did not plead, answer or otherwise defend the action in Wyoming County. Subsequently, a default judgment was entered against her in Wyoming County.

In 1978, the plaintiff brought this action against Stonewall on the default judgment. He alleged that Stonewall had issued an insurance policy on the car owned by Thelma Stump and in which he was riding when injured. He claimed Stonewall had denied any liability for the judgment. Stonewall moved for summary judgment contending that the default judgment sued on was invalid because no defendant was served with process in Wyoming County as required by the applicable general venue statute, W. Va. Code, 56-1-2, and because the defendant took no action which would amount to a waiver of venue. The trial court in granting the motion held the default judgment sued on was null and void, reasoning that plaintiff's failure to comply with the venue statute in the original action left the circuit court without "jurisdiction" to enter judgment on plaintiff's claims against Thelma Stump.

The limited issue in this case is whether a resident of the State who is sued in one county and who is personally served in another county—that of residence—and who does not answer the suit, will be deemed to have waived her right to claim improper venue after a default judgment has been obtained against her. In *Hall v. Ocean Accident & Guarantee Corporation*, 122 W. Va. 188, 193, 9 S.E.2d 45, 47 (1940), we said:

> "Furthermore, the right of a defendant touching the county of trial is not primarily jurisdictional, but is a personal privilege which may be waived. *Moore v. Norfolk & W. Ry. Co.*, 124 Va. 628, 634, 98 S.E. 635 [636-37]; 67 C.J. Venue, sec. 212. Where the court has jurisdiction of the subject matter, the failure of a defendant to claim the privilege *in the proper manner* implies a waiver." (Citations omitted)

Here there is no contention that the circuit court lacked subject matter jurisdiction since the case was one involving personal injuries arising in the county where the suit was brought. This case is analogous to the situation in *Hall* where one defendant was served within the county but the service of process was defective under our old common law return day procedure. A second defendant was served outside the county and claimed his service was bad because the first defendant's process was defective. No attack was made as to improper venue. Upon appeal we found the first defendant's process to be bad but as to the nonresident defendant, we held he had waived his right to challenge venue by not raising it in the court below.

This point was discussed in *Lester v. Rose*, 147 W. Va. 575, 590, 130 S.E.2d 80, 91 (1963), where we found that because the nonresident defendant did not raise the venue issue after the venue-giving defendant was dismissed out of the case, he was deemed to have waived venue:

> "Therefore, the matter raised in this motion was waived by the defendant by submitting to the jurisdiction of the court in the trial of the case on

the merits and not raising the question of venue until over five months after the verdict of the jury had been returned and the motion made to set aside the verdict. The Circuit Court of Mercer County had jurisdiction of the subject matter and venue deals with jurisdiction of the person. The former cannot be conferred by consent or waiver, but the latter may be." *McConaughey & Co. v. Bennett's Ex'rs*, 50 W. Va. 172, 40 S.E. 540; *State ex rel. Hammond v. Worrell, Judge*, 144 W. Va. 83, 106 S.E.2d 521.

We also said in *Lester, supra*, that a question of venue should be raised by a motion to dismiss under Rule 12(b) of the West Virginia Rules of Civil Procedure (R.C.P.), and made this statement in Syllabus Point 7:

"Jurisdiction deals with the power of the court, while venue deals with the place in which an action may be tried."

The rule that venue can be waived is embodied in Rule 12(h)(1), R.C.P.:

"(h) *Waiver or preservation of certain defenses.*

"(1) A defense of . . . improper venue . . . is waived . . . if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

The difference between the *Hall* and *Lester* cases and this case is that here after being personally served, the defendant in this case did nothing and allowed a default judgment to be taken. Most courts have held that where a resident defendant has been personally served in the State and fails to appear and allows a default judgment to be taken, the default judgment cannot be set aside on a claim of lack of venue, since the venue issue has been waived by the failure to assert it. *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Commercial Casualty Insurance Co. v. Consolidated Stone Co.*, 278 U.S. 177, 49 S.Ct. 98 73 L.Ed. 252, (1929); *Jordan v. Guaranty Pest Control, Inc.*, 292 Ala. 601, 298 So.2d 244 (1974);

*Oskvarek v. Richter,* 32 Ill.App.2d 438, 178 N.E.2d 209 (1961); *Foster v. Breaux,* 238 So.2d 803 (La. App. 1970); *Wofford v. Cities Service Oil Co., Inc.,* 236 So.2d 743 (Miss. 1970); *See also* Annot., 5 L.Ed.2d 1056 § 13 (1961), collecting federal cases.

The circuit court had personal jurisdiction over the person of the insured in the original action by valid service of process and possessed subject matter jurisdiction, and therefore the default judgment sued on is not void. Consequently, Stonewall, which has no greater standing than its insured, cannot attack the plaintiff's judgment as being invalid for lack of proper venue.

Stonewall in answering the complaint in this action, however, raised several other affirmative defenses, including the failure of its insured to give notice of the filing of the suit as required by the terms of the insurance policy. While the default judgment is conclusive as to the insured's tort liability, it does not fix the insurer's liability because it is not conclusive as to the issues of policy coverage. *E.g., Drennen v. Wren,* 416 S.W.2d 229 (Mo. App. 1967); 20A Appleman, *Insurance Law and Practice* § 11521 n. 31 (1980). Since none of the matters relating to policy coverage were passed on below, we do not address them.

For the foregoing reasons, the judgment of the Circuit Court of Wyoming County granting summary judgment in favor of Stonewall is reversed and the case is remanded for further proceedings.

*Reversed and remanded.*