309 S.E.2d 57

**TAYLOR COUNTY BOARD OF EDUCATION**

v.

**Margaret A. COX.**

**No. 15833.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1983.

Jacqueline A. Kinnaman, Charleston, for appellant.

Alan Dale Moats, Pros. Atty., Grafton, for appellee.

PER CURIAM:

We accepted this appeal on the basis that there had been a final adjudication in the circuit court. The record discloses that there has been no final adjudication of the case but only an order holding that the appellant's motion to dismiss for improper venue was denied. We have held in *Pittsburgh Elevator Company v. The West Virginia Board of Regents*, 172 W.Va. 743, 310 S.E.2d 675 (1983), that an order dismissing a case for lack of venue constitutes an appealable order. This was because the plaintiff's case had been dismissed. Where, however, the case is not dismissed, we can see no justifiable reason for permitting the party who has lost the motion to dismiss to have an immediate right of appeal. The error, like any other trial error, can be asserted after a trial on the merits.*

---

* A further problem exists in this case which is that the party asserting the lack of venue, Ms. Cox, is not asserting it on her behalf but on behalf of another party, Dr. Truby, the State Superintendent of Schools. Venue is a personal

privilege. *Vanover v. Stonewall Casualty Insurance Co.*, 169 W.Va. 759, 289 S.E.2d 505, 506 (1982); *Hall v. Ocean Accident & Guarantee Corporation*, 122 W.Va. 188, 193, 9 S.E.2d 45, 47 (1940). Ordinarily, a defendant to whom venue

In view of the lack of an appealable order, we are controlled by the Syllabus of *State ex rel. Koontz v. Smith,* 133 W.Va. 635, 57 S.E.2d 532 (1950):

"In an action at law, unless otherwise provided by statute, a writ of error will be dismissed as improvidently awarded, where the record fails to show that a final judgment had been rendered in the action in the trial court."

We, therefore, dismiss this appeal as improvidently awarded.

Appeal dismissed.

is proper may not utilize the defense that venue is improper as to a codefendant. 77 Am.Jur.2d *Venue* § 42 (1975); 92 C.J.S. *Venue* § 71 (1955).