# Staunton

## HENRY HIATT ET AL. v. S. W. TOMPKINS.

September 5, 1940.

Record No. 2284.

Present, All the Justices.

The opinion states the case.

*L. E. Lindsay,* for the appellants.

No appearance for the appellee.

HUDGINS, J., delivered the opinion of the court.

In February, 1928, one S. W. Tompkins instituted a suit against Henry Hiatt, Sallie A. Hiatt and others for the purpose of subjecting certain real estate owned by the two respondents named to the payment of judgment debts. It appears that in due course the cause was referred to a commissioner in chancery to take proper accounts. These accounts were taken, the report of the commissioner was confirmed, and a special commissioner was appointed to sell, and did sell the real estate described in the bill and proceedings.

On the 10th day of October, 1939, a decree was entered in the cause stating that Henry Hiatt and Sallie A. Hiatt appeared specially, and moved the court to dismiss the said cause on the ground that all proceedings theretofore had were void because "the original process was not signed by the clerk, and because the second proposed *alias* was not issued at the rules to which the immediately preceding *alias* was returnable." The court by decree overruled the motion. From that decree this appeal was allowed.

The record filed with the petition in this court is incomplete and contains only the papers listed below.

(1) The original process dated January 2, 1928, signed by no official.

(2) *Alias* process issued on January 16, 1928, returnable to first February rules, 1928, and properly signed by the clerk, with the sheriff's endorsement on the back to the effect that it had not been served upon either Henry or Sallie Hiatt.

(3) *Pluries* process issued and signed by the clerk on February 9, 1928, on which the sheriff made this notation: "Executed on the 14 day of Feb. 1928, within the county of Carroll by delivering a copy of the within subpoena in chancery to Henry Hiatt & Sallie Hiatt in person."

(4) The original bill on which the clerk had taken rules in the following words and figures: "2nd. Feby Rules, 1928, decree nisi as to Henry and Sallie Hiatt.

"1st. March Rules, 1928, decree nisi confirmed & cause regularly matured and set for hearing."

(5) The decree entered October 10, 1939, denying appellants' motion to dismiss.

(6) Notice to opposing attorney below, stating that on January 31, 1940, at 10:00 o'clock appellants would apply to the clerk of the Circuit Court of Carroll county "for a transcript of *so much of the record* in the cause of S. W. Tompkins vs. Henry Hiatt, Sallie A. Hiatt and others *as counsel* for the said Henry Hiatt and Sallie A. Hiatt *may deem necessary."* (Italics supplied.)

The substance of appellants' contention is that all proceedings in the case were void because no valid process had been served upon them.

The first process, and the one referred to in the proceedings as "the original," bearing date January 2, 1928, is void, as the clerk failed to sign it. The second process, designated as *"alias* writ" and issued on the 16 day of January, 1928, returnable to first February rules following, was returned unexecuted. The third process, denoted *"pluries* summons" and issued on Thursday, the 9th day of February, 1928, returnable to second February rules, was properly executed and a proper return was made thereon.

It is contended that this last process is not valid as an original writ because on its face it purports to be an *alias* or *pluries* writ, and that it is not valid as an *alias* writ because it was not issued at February rules to which the second writ was returnable.

The purpose of all summonses or processes, from whatever source they may emanate, is to give the party named as defendant *"notice* of the *time* and *place* at which he is to make answer," and to afford him "a reasonable opportunity to be heard." Burks' Pl. & Prac. (2d Ed.) 280.

In *Danville & Western R. Co.* v. *Brown,* 90 Va. 340, 18 S. E. 278, the facts were that plaintiff, on the 9th day of May, 1891, sued out a summons in the Circuit Court of Henry county returnable to the third Monday in May, 1891, when he filed his declaration in the clerk's office and the case was continued for process. On the 6th day of July,

1891, an *alias* summons issued, directed to the sergeant of Danville, on which no rules were taken. On the 27th day of August, 1891, the plaintiff sued out an *alias* summons, returnable to the third Monday in September, 1891, directed to the sheriff of Henry county, which summons was returned properly executed. Rules were taken and the case was placed on the docket for trial at the October term. The defendant proved the above irregularities and moved the court to quash the process and remand the cause to rules. This motion was overruled. On review by this court, this is said: " * * *, we think that the process of August 27, 1891, by whatever name it may be called, is good and valid as an original process. The simple circumstance that it is characterized as an '*alias* writ,' and that it runs, 'We command you *as we have before*,' or '*at another time* commanded you,' &c., cannot possibly affect or change its essential character or render it less effectual as a process for bringing the defendant before the court, and this is all that any original summons does. The only limitation in law upon the power of the plaintiff in a suit to have issued as many writs as he may deem proper, is that he is not permitted to harass or vex the defendant with unnecessary costs. But if, as in a case like the present, previous writs, by reason of any irregularity in the *service merely*, have failed to bring the defendant into court, there seems to be no good reason why he may not issue an *alias* without being amenable to the charge of unduly vexing the defendant with costs."

Since the above decision, the Code revisors have amended Code, sec. 6059, so as to make it the official duty of the clerk to issue a subsequent summons on the return day of any process which has not been executed. Judge Burks, commenting upon this change, in a footnote, Burks' Pl. & Prac. (2d Ed.) 281, said: "Under the former language it was contended that the *alias* or *pluries* had to be issued at the rules to which the previous process was returned unexecuted, and that it could not be thereafter issued; that while no doubt an *alias* subsequently issued would be good

as an *original* process (*Danville, etc., R. Co.* v. *Brown,* 90 Va. 340, 18 S. E. 278), yet it was not good as an *alias* so as to stop the running of the statute of limitations from the date of the original summons, although one case had apparently held that such an *alias* was good as such. (*Virginia Fire & Marine Ins. Co.* v. *Vaughan,* 88 Va. 832, 14 S. E. 754.) The reason for the contention was that process to commence a suit must be *continuous* until a return of 'executed' is obtained, and therefore that the *alias* or *pluries* summons could only issue at the rules at which the previous process was returned unexecuted; that a failure *then* to issue the *alias* or *pluries* would cause a hiatus in the action and operate a discontinuance; and that to hold otherwise would be to permit a plaintiff to continue his case indefinitely at the rules and save the running of the statute of limitations for any length of time he chose."

■■ In the instant case, no question of the statute of limitations is involved. The process served upon appellants gave them notice of the time and place at which they were to make answer to the bill filed against them. It also afforded them reasonable time and opportunity to be heard. If the words "as you have heretofore been commanded" be stricken from the process served upon appellants, it would be exactly as any other original process. As this court said in *Danville & Western R. Co.* v. *Brown, supra,* these additional words are not sufficient to make the process invalid as an original process. The only effect of the clerk's failure to issue this third process at the rules to which the second process was returnable, as required by Code, sec. 6059, was to postpone the date of the beginning of the suit; that is, inasmuch as it was not issued on that date, the suit was not begun until this third process was "delivered or placed in course of delivery to some officer or other person to be executed." Code, sec. 6061.

■ The decree from which this appeal is taken states that the special commissioner appointed to make the sale, by and with the consent of appellants, made a private sale of the land to Sophia Samet, and that, during the negotia-

tion of the private sale, appellants arranged to repurchase the real estate involved from the party to whom the special commissioner sold it. The decree further states that appellants accepted that part of the proceeds of the sale of the real estate remaining after the payment of the judgment debts and the costs of the suit. There is nothing in the record produced before us which tends to challenge this finding of fact. On this proof the trial court correctly held that, even if the process was void, appellants were estopped to challenge the validity of the proceedings.

The decree of the trial court is

*Affirmed.*