**Constance R. JOHNSON, Appellee,**

v.

**Joseph V. GARTLAN, Jr., and Fredona M. Gartlan, Appellants.**

**No. 72-1292.**

United States Court of Appeals, Fourth Circuit.

Argued Sept. 15, 1972.

Decided Jan. 2, 1973.

———————◆———————

Carrington Williams, Washington, D. C. (Boothe, Prichard & Dudley, Alexandria, Va., on brief), for appellants.

Mark P. Friedlander, Jr., Washington, D. C. (Friedlander, Friedlander & Brooks, Washington, D. C., on brief), for appellee.

Before SOBELOFF, Senior Circuit Judge, WINTER, Circuit Judge, and THOMSEN, Senior District Judge.

SOBELOFF, Senior Circuit Judge:

Constance R. Johnson brought this action in equity to quiet title of land presently held by Mr. and Mrs. Joseph V. Gartlan, Jr. Miss Johnson's late father, James N. Johnson, was the original owner of the land, which was seized and sold by the Internal Revenue Service to satisfy a tax claim against Mr. Johnson. The Gartlans' predecessor in title purchased the land at the tax sale.

The District Court, 334 F.Supp. 438, held the tax sale void because the IRS violated provisions of the statute regulating such sales. As sole heir of Mr. Johnson, plaintiff was granted her prayer to quiet title upon payment to the defendants of their bid price, costs of sale and real estate taxes with interest.

We reverse the District Court's ruling and find for the Gartlans because Mr. Johnson ratified the tax sale, despite the failure of the IRS to strictly comply with the regulatory provisions of the tax sale statute.

### I—FACTS

In mid-1962 Mr. Johnson was the sole owner of 172.15 acres of unimproved land, overgrown with scrub pines, in Prince William County, Virginia. Johnson was a taxi driver, who resided in

Washington, D. C., and maintained an Alexandria, Virginia, business address. Although Johnson could read and write, his education was limited.

On April 1, 1960, Johnson was assessed $586.15 by the United States government for unpaid income taxes from 1958. Other judgments totaling $4500 were recorded against Johnson in Prince William County and were secured by liens on the property.

On July 2, 1962, the IRS obtained a statement of financial condition from Johnson and on July 25, 1962, the IRS filed a tax lien on his land. The lien was docketed on August 1 in the Circuit Court of Prince William County, Virginia.

On October 25, 1962, the IRS seized the land to satisfy its lien. On November 8, the prospective sale was advertised in the Journal Messenger, Manassas, Virginia, and was posted at the Manassas and Dumphries post offices and at the Manassas courthouse. Revenue Officer Albert C. Nagle conducted the public sale under sealed bids on December 3, 1962, at the IRS office in Alexandria, Virginia.

The high bid, $16,825.38, was submitted by G. P. Manderfield, of Manassas, for himself and others. He was given a certificate of sale on January 2, 1963. The certificate was assigned by Manderfield to a trustee, Frank A. Hoss. The IRS issued a deed to the land to Hoss on February 14, 1964. The deed was recorded in Prince William County on December 31, 1965.

Manderfield subsequently gave his interest in the land to his daughter and son-in-law, defendants Gartlan. He also agreed to buy out his partners' interest in the tax deed, through an unsecured note for $32,000, payable interest only for five years.

On January 7, 1963, someone at IRS (the record does not indicate who) re-turned to Johnson a $100 money order he had sent as part payment on his delinquent taxes. The letter was originally mailed to Johnson at Manassas, where he had no address, and stated that his tax liability had been satisfied through the sale and that he had the right to redeem the property within a year from the sale date.

The next step in the chronology of events proves crucial to our disposition of this case. On October 30, 1964, the IRS sent Johnson a $13,636.35 check. Johnson endorsed the check and kept the money, never questioning nor contesting the tax sale. He died intestate on April 1, 1967, two and one-half years after receiving and cashing the check.

Plaintiff Constance Johnson, his sole heir, attained twenty-one years of age on March 28, 1968.

On September 20, 1969, Miss Johnson granted an option to sell the land to Hall Associates, Inc., for $1. Miss Johnson filed the instant diversity suit in equity to quiet title on October 30, 1969.

## II—THE TAX SALE

26 U.S.C. §§ 6335–39 are the statutory provisions that regulate procedures for seizure and sale of property to satsify claims for unpaid federal taxes. We find that although the instant sale did not completely comply with the statute, nevertheless, for the reasons set forth in section III of this opinion, the delinquent taxpayer, Mr. Johnson, ratified the sale.

Under § 6335(d)[1] the sale should have been conducted in Prince William County, where the seized property was located. The IRS sold the land on December 3, 1962, at its Alexandria, Virginia office. The Gartlans claim that the IRS revenue officer had authority to conduct the sale in Alexandria. Whether or not this is true is not clear based

---

[1] (d) Time and place of sale.—The time of sale shall not be less than 10 days nor more than 40 days from the time of giving public notice under subsection (b).

The place of sale shall be within the county in which the property is seized, except by special order of the Secretary or his delegate.

upon the record before us. At the oral hearing the Gartlans raised a stronger argument for upholding the sale, contending that a higher price was gotten in Alexandria than could have been obtained at a sale in rural Prince William County, in the cold month of December, where fewer buyers would appear. They argued that this departure from the statute was for the benefit of the landowner. We need not decide this issue.

Miss Johnson raises an additional challenge to the validity of the sale, because although the property was divisible and her father owed only $586.15 in back taxes, the entire 172.15 acres were sold. This, the plaintiff argues, violated § 6335(c).[2] The entire tract was worth over $30,000, and only part of it need have been sold to satisfy the back tax claim, McAndrews v. Belknap, 141 F.2d 111, 114 (6th Cir. 1944).

Additional uncertainty surrounds the adequacy of the notice of seizure given under § 6335(a).[3]

■ The general rule is that strict compliance with statutory provisions is required to validate tax sales, City of Richmond v. Monument Ave. Development Corp., 184 Va. 152, 34 S.E.2d 223 (1945); citing with approval Thatcher v. Powell, 6 Wheat. 119, 5 L.Ed. 221 (1821). We fully expect the IRS to comply with the statute in conducting tax sales, something which was not done in the instant case, at least in regards to the divisibility question.

2. (c) Sale of indivisible property.—If any property liable to levy is not divisible, so as to enable the Secretary or his delegate by sale of a part thereof to raise the whole amount of the tax and expenses, the whole of such property shall be sold.

3. (a) Notice of seizure.—As soon as practicable after seizure of property, notice in writing shall be given by the Secretary or his delegate to the owner of the property (or, in the case of personal property, the possessor thereof), or shall be left at

## III—RATIFICATION

■ Despite the government's failure to comply strictly with the statute, we hold that the tax sale must be regarded as valid because Mr. Johnson subsequently ratified it through his actions, in accepting and cashing the IRS check. While it is true that the record does not indicate that any explanation accompanied the check, telling Johnson that the check was the proceeds of the tax sale, it strains our imagination to believe Johnson did not know that was the reason for the payment. No honest man pockets over $13,000 if he does not know what it is for, without asking the drawer for an explanation.

■ We find that this case comes within the general rule, adhered to in Virginia, that acceptance of proceeds from a contested sale constitutes ratification of the sale. Hiatt v. Tompkins, 176 Va. 82, 10 S.E.2d 489 (1940); Patterson's Executors v. Patterson, 144 Va. 113, 131 S.E. 217 (1926); Camp Mfg. Co. v. Green, 129 Va. 360, 106 S.E. 394 (1921).

Although the IRS failed to comply with the strict statutory regulations, Johnson's subsequent ratification served to validate the tax sale. Miss Johnson has no greater right than her father had and is bound by his actions, Patterson's Executors v. Patterson, *supra*. Accordingly we hold that Mr. and Mrs. Gartlan are entitled to the property, as successors in title to the purchasers at a valid tax sale. The judgment of the District Court is Reversed.

his usual place of abode or business if he has such within the internal revenue district where the seizure is made. If the owner cannot be readily located, or has no dwelling or place of business within such district, the notice may be mailed to his last known address. Such notice shall specify the sum demanded and shall contain, in the case of personal property, an account of the property seized and, in the case of real property, a description with reasonable certainty of the property seized.