Opinion issued June 3, 2004



              






In The
Court of Appeals
For The 
First District of Texas




NO. 01-03-00307-CV




 WILLIAM JOHNSTON and NANCY JOHNSTON, Appellants

V.

MARY BENNETT, CARLTON PHILLIPS, CONNIE PHILLIPS, DAVID
SHAIN, and HEATHER R. SHAIN, Appellees




On Appeal from the 122nd District Court
 Galveston County, Texas
Trial Court Cause No. 01CV0296




O P I N I O N
          Appellants, William and Nancy Johnston (the Johnstons), sued appellees, Mary
Bennett, Carlton and Connie Phillips (the Phillipses), and David and Heather R. Shain
(the Shains), to quiet title to real property located in Galveston County.


 The Internal
Revenue Service (IRS) had seized the property from the Johnstons because they had
failed to pay taxes, and the IRS had later sold the property at a foreclosure sale. 
Appellees were subsequent owners of the property. The Johnstons asserted that they
were entitled to a summary judgment on their claim due to the IRS’s failure to comply
with various provisions in the statute regarding seizure and sale of the property. 
Appellees moved for summary judgment based on the three- and five-year adverse-possession statutes. The trial court granted appellees’ summary judgment motion and
denied the Johnstons’ motion. We determine whether the trial court erred in its
summary judgment rulings. We affirm.
Factual and Procedural History
            On January 14, 1995, IRS Revenue Officer Laura Williamson seized the
property from the Johnstons for their failure to pay taxes. On March 21, 1995, the
IRS gave notice that a sealed bid sale would take place on April 11, 1995. The IRS
postponed the sale on the date that it had been scheduled and served a second notice
of sale on November 22, 1995. John and Mary Bennett purchased the property at the
sale on December 12, 1995.


 
          On June 11, 1996, after the 180-day redemption period mandated by Section
6337 of the Internal Revenue Code


 had expired, the Bennetts received a quitclaim
deed to the property and recorded it in the Galveston County real property records the
next day. The Bennetts subsequently conveyed the property to the Phillipses on June
17, 1997. On April 12, 2001, the Phillipses conveyed the property to the Shains.
          The Johnstons filed their quiet-title claim against appellees on March 30, 2001. 
The trial court ordered that the United States be added as a party to represent the IRS. 
The United States removed the cause to federal court and moved for summary
judgment against the Johnstons. The federal district court granted summary judgment
in favor of the United States after having found that the United States no longer had
an interest in the property and that, therefore, waiver of sovereign immunity did not
extend to the cause. That court then remanded the remaining claims to the state court,
which granted summary judgment in favor of appellees and denied the Johnstons’
summary judgment motion without specifying the grounds on which it ruled. It is
from those state court orders that the Johnstons now appeal.
Standard of Review and Burden of Proof
          Both parties moved for traditional summary judgment under Texas Rule of
Civil Procedure 166a(c). See Tex. R. Civ. P. 166a(c). Summary judgment is proper
when a movant establishes that there is no genuine issue of material fact and that he
is entitled to judgment as a matter of law. Randall’s Food Mkts., Inc. v. Johnson, 891
S.W.2d 640, 644 (Tex. 1995). A defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the plaintiff’s
causes of action or if the defendant conclusively establishes all elements of an
affirmative defense. Id.
          In reviewing the granting of a motion for summary judgment, we consider as
true all the evidence that favors the non-movant. Watts v. Hermann Hosp., 962
S.W.2d 102, 104 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We indulge every
reasonable inference in favor of the non-movant and resolve all reasonable doubts in
its favor. Cont’l Casing Corp. v. Samedan Oil Corp., 751 S.W.2d 499, 501 (Tex.
1988); Watts, 962 S.W.2d at 104. When both sides move for summary judgment and
the trial court grants one motion and denies the other, we can consider both motions,
their evidence, and their issues and may render the judgment that the trial court
should have rendered. See CU Lloyd’s of Tex. v. Feldman, 977 S.W.2d 568, 569
(Tex. 1998). When an order granting summary judgment does not specify the
grounds upon which the trial court ruled, we must affirm to the extent that any of the
summary judgment grounds is meritorious. See Star-Telegram, Inc. v. Doe, 915
S.W.2d 471, 473 (Tex. 1995).
Validity of Tax Sale

          In their second point of error, the Johnstons assert that the trial court erred by
denying their summary judgment motion claiming that the quitclaim deed issued by
the IRS was void because the IRS did not strictly comply with the applicable statutes
governing seizure and sale of the property.
          The Johnstons contend that, according to the Internal Revenue Code, the IRS
failed to sell the property in a timely fashion and in the correct county after it was
seized or to return the property to them after the postponement of the first sealed bid
sale. See 26 U.S.C.S. § 6335(d), (e) (2003) (establishing procedures for manner of
sale of seized property).


 As a result of the IRS’s failure to comply with the statute,
the Johnstons argue that the sale of the property was void. Because the Johnstons
moved for a summary judgment on this issue, they must prove that they are entitled
to prevail as a matter of law. See Johnson, 891 S.W.2d at 644.
          The record indicates that the IRS gave notice beginning on March 21, 1995 that
a sealed bid sale was scheduled for April 11, 1995 in Houston, Texas. The sale was
then postponed on April 11. Appellants received a second notice of sale on
November 22, 1995. The property was sold to the Bennetts at the sealed bid sale on
December 12, 1995 in Houston, and the Bennetts received a certificate of sale. After
the 180-day redemption period had expired, a quitclaim deed was issued to Mary
Bennett on June 11, 1996, which deed she recorded the next day.
          The procedures for seizure of land mandated by section 6335 must be strictly
construed. See Reece v. Scoggins, 506 F.2d 967, 971-72 (5th Cir. 1975). It is clear
that the IRS sold the property in Harris County, not Galveston County, where the
property was located. The sale also occurred nearly nine months after the IRS had
given initial notice of sale, which was well beyond the limit of 40 days, plus a
possible one-month adjournment, allowed under section 6335. In addition, the
property was not released to the Johnstons following the postponement of the first
sale. Although these actions may not have complied with the Internal Revenue
Code’s procedures for selling the property, the law is well settled that noncompliance
with section 6335 causes the sale to be voidable at the option of the taxpayer and not
void. See, e.g., Reece, 506 F.2d at 970 (holding that failure of IRS to provide
statutory notice of sale caused sale to be “voidable ab initio”); Johnson v. Gartlan,
470 F.2d 1104, 1106 (4th Cir. 1973) (holding that, although IRS failed to comply
with procedures of section 6335, tax sale was valid due to ratification by taxpayer);
Koby v. United States, 47 Fed. Cl. 99, 105 (2000) (holding that IRS’s failure to
comply with seizure and sale provisions of section 6335 renders tax sales voidable
at taxpayer’s option, rather than void as matter of law); Drwsea, Inc. v. Trinity
Meadows Prop., Inc., 11-02-00301-CV, slip op. at 2 (Tex. App.—Eastland Oct. 30, 
2003, pet. denied) (mem. op.) (asserting that “a sale is not void because of
noncompliance with the provisions of section 6335, but it is voidable by the
taxpayer”).
          Appellants rely primarily on two cases to support their position that the failure
to follow section 6335 results in a void sale. However, these cases did not hold that
any sales were void. See Dziura v. United States, 168 F.3d 581, 583 (1st Cir. 1999);
Anderson v. United States, 44 F.3d 795, 797 (9th Cir. 1995). In Dziura, the court
held that, even though the IRS had held the property longer than was permitted by
section 6335 after the notice of the first sale and had sold the property at a subsequent
sale, the Dziuras were not entitled to the property because the applicable statute of
limitations had run. See Dziura, 168 F.3d at 583. In Anderson, the court asserted that
the IRS had violated section 6335 by failing to release property to the taxpayer after
it was not sold at the original tax sale. See Anderson, 44 F.3d at 797. However, there
had not been a successful sale of the property in that case; the Andersons filed suit
against the IRS prior to the second attempted sale. See id. Therefore, it was
unnecessary for that court to determine whether any sale was void or voidable. 
Consequently, these cases do not support the Johnstons’ position.
          The Johnstons also urge this Court to hold that, for the purposes of
characterizing an action in violation of section 6335, the terms voidable and void are
both intended to mean only void. Appellants cite no law to support their argument. 
On the contrary, it is clear that courts have considered the difference between void
sales and voidable sales when ruling on section 6335 violations. See Koby, 47 Fed.
Cl. at 104-05 (holding that IRS’s failure to comply with seizure and sale provisions
of section 6335 renders tax sales voidable at taxpayer’s option, rather than void as
matter of law); Drwsea, slip op. at 2 (asserting that “a sale is not void because of
noncompliance with the provisions of Section 6335, but it is voidable by the
taxpayer”). Accordingly, we hold that the failure of the IRS to comply strictly with
the provisions for seizure and sale of the property under section 6335 resulted in a
sale that was voidable at the option of the Johnstons, and not void as a matter of law.
          The Johnstons thus failed to prove as a matter of law that the quitclaim deed
issued by the IRS was void. The trial court did not err in denying the Johnstons’
motion for summary judgment. 
          We overrule the Johnstons’ second point of error.
Adverse Possession
          In the Johnstons’ first point of error, they assert that the trial court erred by
granting summary judgment in favor of appellees because appellees did not prove that
they adversely possessed the property as a matter of law.
          Appellees moved for summary judgment based on the three- and five-year
limitations statutes. See Tex. Civ. Prac. & Rem. Code Ann. §§ 16.024, 16.025
(Vernon 2002). In order to prevail on summary judgment, appellees were required
to prove their adverse-possession claim as a matter of law. Johnson, 891 S.W.2d at
644. 
          Under section 16.024, “[a] person must bring suit to recover real property held
by another in peaceable and adverse possession under title or color of title not later
than three years after the day the cause of action accrues.” Id. § 16.024. Adverse
possession requires “actual and visible appropriation of real property, commenced
and continued under a claim of right that is inconsistent with and is hostile to the
claim of another person.” Id. § 16.021(1) (Vernon 2002). “‘Peaceable possession’
means possession of real property that is continuous and is not interrupted by an
adverse suit to recover the property.” Id. § 16.021(3). In order to prove adverse
possession under the three-year statute, appellees were also required to prove that
possession was under title or color of title.



          Appellants have provided uncontroverted proof that the Bennetts received a
quitclaim deed to the property on June 11, 1996 and that the Bennetts then transferred
the property to the Phillipses by warranty deed on June 13, 1997. The evidence
shows that the Phillipses lived on the property until they sold it, by warranty deed, to
the Shains on April 12, 2001. The Johnstons argue that appellees failed to prove
adverse possession because the title from the IRS to the Bennetts was void and
because there was not sufficient proof that the Bennetts adversely possessed the
property.
 
          It is true that title cannot be conveyed for purposes of adverse possession by
a void deed. See Field Measurement Serv. v. Ives, 609 S.W.2d 615, 620 (Tex. Civ.
App.—Corpus Christi 1980, writ ref’d n.r.e.) (holding that void deed is neither title
nor color of title). However, we have already held that the deed from the IRS to the
Bennetts was not void, but voidable. As a result, the IRS did have the power to
convey legal title to the Bennetts, subject to the Johnstons’ right to have the deed set
aside within the applicable statute of limitations by proof that the sale of the property
was improperly made. See Lighthouse Church of Cloverleaf v. Tex. Bank, 889
S.W.2d 595, 602 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (asserting that
voidable deed operates as valid and perfect until set aside); Diversified, Inc. v.
Walker, 702 S.W.2d 717, 721 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.)
(asserting that voidable deed passes title subject only to party’s right to set aside
foreclosure sale). Each subsequent transferor had the same power to convey legal
title in the property and did convey title by warranty deed. These transfers
established title in the Shains because there was a regular chain of transfers of
voidable deeds. 
          The Johnstons did not challenge the summary judgment proof that the
Phillipses openly and peacefully possessed and used the property. Thus, appellees
provided uncontroverted evidence that the Phillipses enjoyed peaceful and adverse
possession of the property from June 13, 1997 to April 12, 2001, and we have
determined that the property was held under title. Under the three-year statute of
limitations, the Johnstons were required to file their quiet-title action by June 13,
2000—three years after the Phillipses took possession of the property. The Johnstons
did not file their suit until March 30, 2001. We need not address the merits of the
Johnstons’ contention that Mary Bennett did not prove adverse possession because
the Phillipses satisfied the adverse-possession claim under the three-year statute of
limitations without having to tack the period of the Bennetts’ ownership onto their
own. It is also unnecessary to determine whether appellees proved adverse
possession under the five-year statute of limitations because the Phillipses satisfied
the three-year statute of limitations.
          Accordingly, we hold that the trial court did not err by granting appellees’
motion for summary judgment based on the three-year statute of limitations.
          We overrule the Johnstons’ first point of error.       
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 



                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Hanks, and Higley.